**ORIGINAL**

1  THOMAS E. FRANKOVICH,
2  *A Professional Law Corporation*
   THOMAS E. FRANKOVICH (State Bar No. 074414)
3  4328 Redwood Hwy., Suite 300
   San Rafael, CA 94903
4  Telephone:  415/674-8600
   Facsimile:  415/674-9900

*E-filing*

ORIGINAL
FILED

5  Attorneys for Plaintiff DAREN HEATHERLY and
6  Plaintiff IRMA RAMIREZ, each an individual

NOV 30 2009

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

7

8  **UNITED STATES DISTRICT COURT**



9  **NORTHERN DISTRICT OF CALIFORNIA**

10  DAREN HEATHERLY and IRMA
11  RAMIREZ, each an individual,

CASE NO.
Civil Rights

**5638**

12     Plaintiff,

**COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES:**

13

14  v.

**1st CAUSE OF ACTION:** For Denial of Access
by a Public Accommodation in Violation of the
Americans with Disabilities Act of 1990 (42
U.S.C. §12101, *et seq.*)

15  WESTWOODS, INC., a California
16  Corporation dba CRICKLEWOOD; and
    PAMELA M. VENTURI - COWAN,
17  TRUSTEE OF THE PAMELA M.
    VENTURI - COWAN LIVING TRUST,
18  Dated August 22, 2007,

**2nd CAUSE OF ACTION:** For Denial of Full
and Equal Access in Violation of California
Civil Code §§54, 54.1 and 54.3

**3rd CAUSE OF ACTION:** For Denial of
Accessible Sanitary Facilities in Violation of
California Health & Safety Code §19955, *et seq.*

19     Defendants.

20

21

**4th CAUSE OF ACTION:** For Denial of
Access to Full and Equal Accommodations,
Advantages, Facilities, Privileges and/or
Services in Violation of California Civil Code
§51, *et seq.* (The Unruh Civil Rights Act)

22

23

24

**DEMAND FOR JURY**

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1    Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ, each an individual,

2    complains of defendants WESTWOODS, INC., a California Corporation dba CRICKLEWOOD;

3    and PAMELA M. VENTURI - COWAN, TRUSTEE OF THE PAMELA M. VENTURI -

4    COWAN LIVING TRUST, Dated August 22, 2007 and alleges as follows:

5    **INTRODUCTION:**

6    1.    This is a civil rights action for discrimination against persons with physical

7    disabilities, of which class plaintiff DAREN HEATHERLY, plaintiff IRMA RAMIREZ and the

8    disability community are members, for failure to remove architectural barriers structural in nature

9    at defendants' CRICKLEWOOD, a place of public accommodation, thereby discriminatorily

10   denying plaintiffs and the class of other similarly situated persons with physical disabilities

11   access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the

12   goods, facilities, services, and accommodations thereof.  Each plaintiff seeks injunctive relief and

13   damages pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*;

14   California Civil Code §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et*

15   *seq.*

16   2.    Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each is a person

17   with physical disabilities who, on or about May 10, 2009, May 29, 2009, June 9, 2009, July 31,

18   2009 and October 28, 2009, was an invitee, guest, patron, customer at defendants'

19   CRICKLEWOOD, in the City of Santa Rosa, California.  At said times and place, defendants

20   failed to provide proper legal access to the restaurant, which is a "public accommodation" and/or

21   a "public facility" including, but not limited to parking, parking signage, entrance, bar, men's

22   restroom, women's restroom, dining area and garden entrance.  The denial of access was in

23   violation of both federal and California legal requirements, and plaintiff DAREN HEATHERL

24   and plaintiff IRMA RAMIREZ each suffered violation of his/her civil rights to full and equal

25   access, and was embarrassed and humiliated.

26   ///

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**JURISDICTION AND VENUE:**

3.   **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*, including §19959; Title 24 California Building Standards Code.

4.   **Venue:**   Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located at/near 4618 Old Redwood Highway, in the City of Santa Rosa, County of Sonoma, State of California, and that plaintiff's causes of action arose in this county.

**PARTIES:**

5.   Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each is a "physically handicapped person," a "physically disabled person," and a "person with physical disabilities" (hereinafter the terms "physically disabled", "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each is a "person with physical disabilities," as defined by all applicable California and United States laws. Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each is a "person with physical disabilities," as defined by all applicable California and United States laws. Plaintiff DAREN HEATHERLY is afflicted with Multiple Sclerosis and a left hip replacement. Plaintiff DAREN HEATHERLY relies primarily on a wheelchair to travel about in public. Plaintiff IRMA RAMIREZ suffers from Post-Polio syndrome. Plaintiff IRMA RAMIREZ relies on crutches and/or a wheelchair as her ambulance.

Consequently, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

6.      Defendants WESTWOODS, INC., a California Corporation dba CRICKLEWOOD; and PAMELA M. VENTURI - COWAN, TRUSTEE OF THE PAMELA M. VENTURI - COWAN LIVING TRUST, Dated August 22, 2007 (hereinafter alternatively collectively referred to as "defendants") are the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public accommodation known as CRICKLEWOOD, located at/near 4618 Old Redwood Highway, Santa Rosa,  California, or of the building and/or buildings which constitute said public accommodation.

7.      At all times relevant to this complaint, defendants WESTWOODS, INC., a California Corporation dba CRICKLEWOOD; and PAMELA M. VENTURI - COWAN, TRUSTEE OF THE PAMELA M. VENTURI - COWAN LIVING TRUST, Dated August 22, 2007, own and operate in joint venture the subject CRICKLEWOOD as a public accommodation. This business is open to the general public and conducts business therein.  The business is a "public accommodation" or "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

///
///
///
///
///
///
///

8.    At all times relevant to this complaint, defendants WESTWOODS, INC., a California Corporation dba CRICKLEWOOD; and PAMELA M. VENTURI - COWAN, TRUSTEE OF THE PAMELA M. VENTURI - COWAN LIVING TRUST, Dated August 22, 2007 are jointly and severally responsible to identify and remove architectural barriers at the subject CRICKLEWOOD pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

**§ 36.201      General**

(b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part.  As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

28 CFR §36.201(b)

**PRELIMINARY FACTUAL ALLEGATIONS:**

9.    CRICKLEWOOD, is a restaurant, located at/near 4618 Old Redwood Highway, Santa Rosa, California.  The CRICKLEWOOD, its parking, parking signage, entrance, bar, men's restroom, women's restroom, dining area, garden entrance, and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act.  On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions," each of which has subjected the CRICKLEWOOD and each of its facilities, its parking, parking signage, entrance, bar, men's restroom, women's restroom, dining area and garden entrance to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    10.    On or about but before July 26, 1990, defendants' and each of them purchased

2    and/or took possessory control of the premises now known as CRICKLEWOOD.  At all times

3    prior thereto, defendants' and each of them were aware of their obligation prior to the close of

4    escrow, or upon taking possessory interest that public accommodations had a duty to identify and

5    remove architectural barriers and were aware that the subject restaurant was not accessible to the

6    disabled.  Nevertheless, defendants' and each of them, operated the subject restaurant as though

7    it was accessible.

8    11.    At all times stated herein, defendants' and each of them with the knowledge that

9    each of them had a continuing obligation to identify and remove architectural barriers where it

10   was readily achievable to do so, failed to adopt a transition plan to provide better and/or

11   compliant access to the subject accommodation.

12   12.    At all times referred to herein and continuing to the present time, defendants, and

13   each of them, advertised, publicized and held out the CRICKLEWOOD as being handicapped

14   accessible and handicapped usable.

15   13.    On or about May 10, 2009, May 29, 2009, June 9, 2009, July 31, 2009 and

16   October 28, 2009, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each was an

17   invitee and guest at the subject CRICKLEWOOD, for purposes of having food and beverage.

18   14.    On or about May 10, 2009, plaintiff DAREN HEATHERLY and plaintiff IRMA

19   RAMIREZ entered the parking lot of CRICKLEWOOD and found that while there was parking

20   designated for the disabled it was not compliant.  Plaintiff DAREN HEATHERLY and plaintiff

21   IRMA RAMIREZ had difficulty deploying their ramp and exiting from it.  Upon leaving the

22   restaurant, a patron blocked the access aisle.  Plaintiff IRMA RAMIREZ had to summon a

23   CRICKLEWOOD food server to back her van out.

24   15.    At said time and place, plaintiff DAREN HEATHERLY and plaintiff IRMA

25   RAMIREZ encountered a set of narrow double doors at the front entrance of the subject

26   restaurant which had excessive door pressure.  Plaintiff DAREN HEATHERLY and plaintiff

27   IRMA RAMIREZ struggled to open the door and enter the restaurant.

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

16.     At said time and place, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ were told by a member of the CRICKLWOOD staff that they should have called ahead to have a table prepared for them.  Plaintiffs were seated in the southern dining room.  The northern dining room consisted of booths none of which were accessible.

17.     At said time and place, plaintiff DAREN HEATHERLY needed to use the restroom.  The restroom had many inaccessible elements.  Plaintiff DAREN HEATHERLY struggled to use the elements in the men's restroom.

18.     At said time and place, plaintiff IRMA RAMIREZ needed to use a restroom.  She attempted to use the women's restroom, but it was not accessible.  Plaintiff IRMA RAMIREZ was told by a CRICKLEWOOD employee to use the men's restroom.  Plaintiff IRMA RAMIREZ attempted to use the men's restroom.  She had difficulty with the elements within the restroom.  Upon attempting to exit the men's restroom, plaintiff IRMA RAMIREZ became trapped for approximately ten (10) to twenty (20) minutes until a man entered the restroom and held the door open for plaintiff IRMA RAMIREZ to exit.

19.     On or about May 29, 2009, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ returned to the CRICKELWOOD.  Plaintiff DAREN HEATHERLY encountered the same narrow access aisle at the disabled parking stall(s), narrow doors and excessive door pressure.

20.     Plaintiff IRMA RAMIREZ did not attempt to use the restroom as she considered it  a "futile gesture."

21.     However, plaintiff DAREN HEATHERLY attempted and did use the men's restroom.  Plaintiff DAREN HEATHERLY struggled with the non-compliant elements of the said restroom.

22.     At said time and place, plaintiff IRMA RAMIREZ brought three (3) inch table risers to be placed under their table.

23.     On or about June 6, 2009, plaintiff IRMA RAMIREZ wrote both the landlord and the tenant about the inaccessible dining room with the booths, the inaccessible restrooms and the parking problem.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1     24.     On or about June 9, 2009, plaintiff DAREN HEATHERLY and plaintiff IRMA

2   RAMIREZ returned to the CRICKLEWOOD to celebrate plaintiff IRMA RAMIREZ's belated

3   birthday.  Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ encountered all of the

4   same inaccessible elements as on both prior visits.

5     25.     On or about June 19, 2009, G.M. O'Brien wrote a letter to plaintiff IRMA

6   RAMIREZ.  In substance, he stated that as a tenant for the last thirty (30) years, one half of the

7   dining room seating was provided for use by the disabled customers.  The building was built in

8   1946.  No remodeling had been done and that at the suggestions of a customer a stall partition

9   was removed in the men's restroom to make it more accessible for either sex.  He further stated

10  that the access aisle would be corrected.

11    26.     On or about July 31, 2009, plaintiff DAREN HEATHERLY and plaintiff IRMA

12  RAMIREZ returned to the CRICKLEWOOD, and once again encountered all the same

13  architectural barriers as stated herein.

14    27.     On or about August 3, 2009, plaintiff IRMA RAMIREZ wrote Mr. O'Brien.  She

15  inquired about the accessible dining area and pointed out that the men's restroom is not really

16  usable by a wheelchair user.  Plaintiff IRMA RAMIREZ did not receive a response to this letter.

17    28.     On or about October 28, 2009, plaintiff DAREN HEATHERLY and plaintiff

18  IRMA RAMRIEZ returned to the CRICKLEWOOD.  Plaintiff DAREN HEATHERLY and

19  plaintiff IRMA RAMIREZ saw and encountered all the same architectural barriers as stated

20  herein.  No remedial work had been undertaken.  Plaintiff DAREN HEATHERLY and plaintiff

21  IRMA RAMIREZ were accompanied by a French film crew, employed by M-6, who were doing

22  a documentary about access in America.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

29.     Therefore, at said times and place, plaintiff DAREN HEATHERLY and plaintiff
IRMA RAMIREZ, each a person with a disability, encountered the following inaccessible
elements of the subject CRICKLEWOOD which constituted architectural barriers and a denial of
the proper and legally-required access to a public accommodation to persons with physical
disabilities including, but not limited to:

    a.    lack of directional signage to show accessible routes of travel, i.e.,
entrances;

    b.    lack of disabled van accessible parking stall(s);

    c.    lack of (proper) disabled parking stall(s) and signage;

    d.    lack of tow-a-way signage;

    e.    lack of an accessible entrance due to narrow double doors and excessive
door pressure;

    f.    lack of an accessible dining area; 5% compliance requirement for each
separate dining area;

    g.    lack of a handicapped-accessible women's public restroom;

    h.    lack of a handicapped-accessible men's public restroom;

    i.    lack of reduced door pressure throughout;

    j.    lack of accessible doors to the garden area; and

    k.    On personal knowledge, information and belief, other public facilities and
elements too numerous to list were improperly inaccessible for use by
persons with physical disabilities.

30.     At all times stated herein, the existence of architectural barriers at defendants'
place of public accommodation evidenced "actual notice" of defendants' intent not to comply
with the Americans with Disabilities Act of 1990 either then, now or in the future.

31.     On or about June 6, 2009 and August 3, 2009, defendant(s) were sent three (3)
letters by or on behalf of plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ
advising of the existence of architectural barriers, requesting a response within 14 days and
requesting remedial measures be undertaken within 90 days or an explanation of why the time
limit set could not be met and/or extenuating circumstances.  Defendants' manager, O'Brien
replied with one letter dated June 19, 2009.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

9

1  Said letters are attached hereto collectively as exhibit "A" and incorporated by reference as

2  though fully set forth herein.

3      32.    At all times stated herein, defendants, and each of them, did not act as reasonable

4  and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not

5  removing architectural barriers that would foreseeably prevent plaintiff DAREN HEATHERLY

6  and plaintiff IRMA RAMIREZ from receiving the same goods and services as able bodied people

7  and some of which may and did pose a threat of harm and/or personal injury to people with

8  disabilities. Therefore as a legal result of defendants breach of duty to remove those barriers

9  encountered by each plaintiff, each plaintiff suffered bodily injury.

10      33.    As a legal result of defendants WESTWOODS, INC., a California Corporation dba

11  CRICKLEWOOD; and PAMELA M. VENTURI - COWAN, TRUSTEE OF THE PAMELA M.

12  VENTURI - COWAN LIVING TRUST, Dated August 22, 2007 's failure to act as a reasonable

13  and prudent public accommodation in identifying, removing or creating architectural barriers,

14  policies, practices and procedures that denied access to plaintiffs and other persons with

15  disabilities, each plaintiff suffered the damages as alleged herein.

16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

34.     As a further legal result of the actions and failure to act of defendants, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, plaintiff was denied his/her civil rights to full and equal access to public facilities. Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each suffered a loss of his/her civil rights and his/her rights as a person with physical disabilities to full and equal access to public facilities, and further suffered bodily injury on or about May 10, 2009, May 29, 2009, June 9, 2009, July 31, 2009 and October 28, 2009, including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers.  Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing men's restroom on May 10, 2009, plaintiff IRMA RAMIREZ suffered continuous, repetitive and cumulative trauma to her upper extremities while attempting to use the water closet in the men's restroom.  Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing men's restroom on May 10, 2009, May 29, 2009, June 9, 2009, July 31, 2009 and October 28, 2009, plaintiff DAREN HEATHERLY suffered continuous, repetitive and cumulative trauma to his upper extremities while attempting to use the water closet in the men's restroom.

35.     Further, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.  No claim is being made for mental and emotional distress over and above that usually associated with the discrimination and physical injuries claimed, and no expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

///

///

///

///

36.     Defendants', and each of their, failure to remove the architectural barriers complained of herein created, at the time of plaintiff DAREN HEATHERLY's and plaintiff IRMA RAMIREZ's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ harm as stated herein.

37.     Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each was denied his/her rights to equal access to a public facility by defendants WESTWOODS, INC., a California Corporation dba CRICKLEWOOD; and PAMELA M. VENTURI - COWAN, TRUSTEE OF THE PAMELA M. VENTURI - COWAN LIVING TRUST, Dated August 22, 2007, because defendants WESTWOODS, INC., a California Corporation dba CRICKLEWOOD; and PAMELA M. VENTURI - COWAN, TRUSTEE OF THE PAMELA M. VENTURI - COWAN LIVING TRUST, Dated August 22, 2007 maintained a restaurant without access for persons with physical disabilities to its facilities, including but not limited to parking, parking signage, entrance, bar, men's restroom, women's restroom, dining area, garden entrance, and other public areas as stated herein, and continue to the date of filing this complaint to deny equal access to each plaintiff and other persons with physical disabilities in these and other ways.

38.     On information and belief, construction alterations carried out by defendants have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

39.     Each plaintiff, as described hereinbelow, seeks injunctive relief to require the CRICKLEWOOD to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the restaurant as a public facility.

///

///

///

///

///

40.     Each plaintiff seeks damages for violation of their civil rights on May 10, 2009, May 29, 2009, June 9, 2009, July 31, 2009 and October 28, 2009 and seeks statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his/her visit that the trier of fact (court/jury) determines was the date that some or all remedial work should have been completed under the standard that the landlord and tenant had an ongoing duty to identify and remove architectural barriers where it was readily achievable to do so, which deterred plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ from returning to the subject public accommodation because of his/her knowledge and/or belief that neither some or all architectural barriers had been removed and that said premises remains inaccessible to persons with disabilities whether a wheelchair user or otherwise.

41.     On information and belief, defendants have been negligent in their affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

42.     Because of defendants' violations, plaintiffs and other persons with physical disabilities are unable to use public facilities such as those owned and operated by defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and other accessibility law as plead herein. Each plaintiff seeks an order from this court compelling defendants to make the CRICKLEWOOD  accessible to persons with disabilities.

43.     On information and belief, defendants have intentionally undertaken to modify and alter existing building(s), and have failed to make them comply with accessibility requirements under the requirements of ADAAG and Title 24.  The acts and omission of defendants, and each of them, in failing to provide the required accessible public facilities at the time of plaintiffs' visit and injuries, indicate actual and implied malice toward plaintiffs, and despicable conduct carried out by defendants, and each of them, with a willful and conscious disregard for the rights and safety of plaintiffs and other similarly situated persons, and justify a trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of defendants, and each of them, to other operators and landlords of other restaurants and other

1 public facilities, and to punish defendants and to carry out the purposes of the Civil Code §§ 51,
2 51.5 and 54.

3      44.      Each plaintiff is informed and believes and therefore alleges that defendants
4 WESTWOODS, INC., a California Corporation dba CRICKLEWOOD; and PAMELA M.
5 VENTURI - COWAN, TRUSTEE OF THE PAMELA M. VENTURI - COWAN LIVING
6 TRUST, Dated August 22, 2007, and each of them, caused the subject building(s) which
7 constitute the CRICKLEWOOD to be constructed, altered and maintained in such a manner that
8 persons with physical disabilities were denied full and equal access to, within and throughout said
9 building(s) of the subject restaurant and were denied full and equal use of said public facilities.
10 Furthermore, on information and belief, defendants have continued to maintain and operate said
11 restaurant and/or its building(s) in such conditions up to the present time, despite actual and
12 constructive notice to such defendants that the configuration of the CRICKLEWOOD and/or its
13 building(s) is in violation of the civil rights of persons with physical disabilities, such as plaintiff
14 DAREN HEATHERLY, plaintiff IRMA RAMIREZ, and other members of the disability
15 community.  Such construction, modification, ownership, operation, maintenance and practices of
16 such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and Safety Code
17 §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

18      45.      On personal knowledge, information and belief, the basis of defendants' actual and
19 constructive notice that the physical configuration of the facilities including, but not limited to,
20 architectural barriers constituting the CRICKLEWOOD and/or building(s) was in violation of the
21 civil rights of persons with physical disabilities, such as plaintiffs, includes, but is not limited to,
22 communications with invitees and guests, plaintiff IRMA RAMIREZ, herself, owners of other
23 restaurants, hotels, motels and businesses, notices they obtained from governmental agencies upon
24 modification, improvement, or substantial repair of the subject premises and other properties
25 owned by these defendants, newspaper articles and trade publications regarding the Americans
26 with Disabilities Act of 1990 and other access laws, public service announcements by former U.S.
27 Attorney General Janet Reno between 1993 and 2000, and other similar information.
28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   Defendants' failure, under state and federal law, to make the CRICKLEWOOD accessible is

2   further evidence of defendants' conscious disregard for the rights of plaintiff and other similarly

3   situated persons with disabilities.  Despite being informed of such effect on plaintiffs and other

4   persons with physical disabilities due to the lack of accessible facilities, defendants, and each of

5   them, knowingly and willfully refused to take any steps to rectify the situation and to provide full

6   and equal access for plaintiffs and other persons with physical disabilities to the subject

7   restaurant.  Said defendants, and each of them, have continued such practices, in conscious

8   disregard for the rights of plaintiffs and other persons with physical disabilities, up to the date of

9   filing of this complaint, and continuing thereon.  Defendants had further actual knowledge of the

10  architectural barriers referred to herein by virtue of the demand letter addressed to the defendants

11  and served concurrently with the summons and complaint.  Said conduct, with knowledge of the

12  effect it was and is having on plaintiffs and other persons with physical disabilities, constitutes

13  despicable conduct in conscious disregard of the rights and safety of plaintiffs and of other

14  similarly situated persons, justifying the imposition of treble damages per Civil Code §§52 and

15  54.3.

16      46.     Plaintiff DAREN HEATHERLY, plaintiff IRMA RAMIREZ and the disability

17  community, consisting of persons with disabilities, would, could and will return to the subject

18  public accommodation when it is made accessible to persons with disabilities.

19  **I.     FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC**
    **ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
20  **DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
    (On behalf of Plaintiff DAREN HEATHERLY and Plaintiff IRMA RAMIREZ, each an
21  individual and Against Defendants WESTWOODS, INC., a California Corporation dba
    CRICKLEWOOD; and PAMELA M. VENTURI - COWAN, TRUSTEE OF THE
22  PAMELA M. VENTURI - COWAN LIVING TRUST, Dated August 22, 2007, inclusive)
    (42 U.S.C. §12101, *et seq.*)
23

24      47.     Each plaintiff repleads and incorporates by reference, as if fully set forth again

25  herein, the allegations contained in paragraphs 1 through 46 of this complaint.

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

48. Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

49. Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

50. As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*). Among the public accommodations identified for purposes of this title was:

> (7) PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
>
> ---
>
> (B) a restaurant, bar or other establishment serving food or drink.

42 U.S.C. §12181(7)(B)

///

///

51. Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

52. The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (I) the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

> (ii) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

> (iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

> (iv) a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

> (v) where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

53.     The removal of the barriers complained of by plaintiff as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject building(s) of CRICKLEWOOD pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable."  On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

54.     Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense."  The statute defines relative "expense" in part in relation to the total financial resources of the entities involved.  Plaintiff alleges that properly repairing, modifying, or altering each of the items that plaintiff complains of herein were and are "readily achievable" by the defendants under the standards set forth under §301(9) of the Americans with Disabilities Act.  Furthermore, if it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable.

55.     On information and belief, construction work on, and modifications of, the subject building(s) of CRICKLEWOOD occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

56.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that plaintiff is about to be subjected to discrimination in violation of §302.  Plaintiff is deterred from returning to or making use of the public facilities complained of herein so long as the premises and defendants' policies bar full and equal use by persons with physical disabilities.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

57.     42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions."  Pursuant to this section, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each has not returned to defendants' premises since on or about October 28, 2009, but on information and belief, alleges that defendants have continued to violate the law and deny the rights of plaintiffs and of other persons with physical disabilities to access this public accommodation.  Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

58.     Each plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees.  Each Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

**II.     SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiff DAREN HEATHERLY and Plaintiff IRMA RAMIREZ, each an individual and Against Defendants WESTWOODS, INC., a California Corporation dba CRICKLEWOOD; and PAMELA M. VENTURI - COWAN, TRUSTEE OF THE PAMELA M. VENTURI - COWAN LIVING TRUST, Dated August 22, 2007, inclusive) (California Civil Code §§54, 54.1, 54.3, *et seq.)*

59.     Each plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 58 of this complaint.

///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

60.     At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability.  This section provides that:

> (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

61.     California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

> Civil Code §54.1(a)(1)

62.     California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

> Civil Code §54.1(d)

///
///
///
///
///
///
///

63.     Each plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ is a person within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1.  Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil Code §§54 and 54.1.  Each plaintiff has been and continue to be denied full and equal access to defendants' subject restaurant.  As a legal result, plaintiffs are entitled to seek damages pursuant to a court or jury determination, in accordance with California Civil Code §54.3(a) for each day on which he/she visited or have been deterred from visiting the CRICKLEWOOD because of his/her knowledge and belief that the CRICKLEWOOD is inaccessible to persons with disabilities.  California Civil Code §54.3(a) provides:

> Any person or persons, firm or corporation, who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than . . .one thousand dollars ($1,000) and . . . attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1 and 54.2.

Civil Code §54.3(a)

64.     On or about May 10, 2009, May 29, 2009, June 9, 2009, July 31, 2009 and October 28, 2009, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each suffered violations of Civil Code §§54 and 54.1 in that plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each was denied access to parking, parking signage, entrance, bar, men's restroom, women's restroom, dining area, garden entrance and other public facilities as stated herein at the CRICKLEWOOD and on the basis that plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each was a person with physical disabilities.

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

65.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiffs suffered violations of their civil rights, including but not limited to rights under Civil Code §§54, 54.1 and 54.3, and plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each suffered physical discomfort, bodily injury on or about May 10, 2009, May 29, 2009, June 9, 2009, July 31, 2009 and October 28, 2009, including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers.  Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing men's restroom on May 10, 2009, plaintiff IRMA RAMIREZ suffered continuous, repetitive and cumulative trauma to her upper extremities while attempting to use the water closet in the men's restroom.  Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing men's restroom on May 10, 2009, May 29, 2009, June 9, 2009, July 31, 2009 and October 28, 2009, plaintiff DAREN HEATHERLY suffered continuous, repetitive and cumulative trauma to his upper extremities while attempting to use the water closet in the men's restroom.

66.     Further, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each suffered mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiffs' damages as hereinafter stated.  Defendants' actions and omissions to act constituted discrimination against plaintiffs on the sole basis that each plaintiff is a person or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

67.     Each plaintiff has been damaged by defendants', and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiffs' rights each as a person or an entity that represents persons with physical disabilities on or about May 10, 2009, May 29, 2009, June 9, 2009, July 31, 2009 and October 28, 2009, and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code according to proof.

68.     As a result of defendants', and each of their, acts and omissions in this regard, plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities.  Pursuant to the provisions of Civil Code §54.3, each plaintiff therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.  Additionally, plaintiffs' lawsuit is intended not only to obtain compensation for damages to each plaintiff, but also to compel the defendants to make their facilities accessible to all members of the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

III.    **THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.*** (On Behalf of Plaintiff DAREN HEATHERLY and Plaintiff IRMA RAMIREZ, each an individual and Against Defendants WESTWOODS, INC., a California Corporation dba CRICKLEWOOD; and PAMELA M. VENTURI - COWAN, TRUSTEE OF THE PAMELA M. VENTURI - COWAN LIVING TRUST, Dated August 22, 2007, inclusive) (Health & Safety Code §19955, *et seq.*)

69.     Each plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 68 of this complaint.

///

///

///

///

///

///

70.     Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to insure that public accommodations or
> facilities constructed in this state with private funds adhere to the
> provisions of Chapter 7 (commencing with Sec. 4450) of Division 5
> of Title 1 of the Government Code.  For the purposes of this part
> "public accommodation or facilities" means a building, structure,
> facility, complex, or improved area which is used by the general
> public and shall include auditoriums, hospitals, theaters, restaurants,
> hotels, motels, stadiums, and convention centers.  When sanitary
> facilities are made available for the public, clients or employees in
> such accommodations or facilities, they shall be made available for
> the handicapped.

71.     Health & Safety Code §19956, which appears in the same chapter as §19955,
provides in pertinent part, "accommodations constructed in this state shall conform to the
provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government
Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all
public accommodations constructed or altered after that date.  On information and belief, portions
of the CRICKLEWOOD and/or of the building(s) were constructed and/or altered after July 1,
1970, and substantial portions of the subject restaurant and/or the building(s) had alterations,
structural repairs, and/or additions made to such public accommodations after July 1, 1970,
thereby requiring said restaurant and/or building to be subject to the requirements of Part 5.5,
§19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions
per Health & Safety Code §19959.

72.     Pursuant to the authority delegated by Government Code §4450, *et seq*, the State
Architect promulgated regulations for the enforcement of these provisions.  Effective July 1,
1982, Title 24 of the California Building Standards Code adopted the California State Architect's
Regulations and these regulations must be complied with as to any alterations and/or
modifications of CRICKLEWOOD and/or the building(s) occurring after that date.  Construction
changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant
to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.

///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    On information and belief, at the time of the construction and modification of said building, all

2  buildings and facilities covered were required to conform to each of the standards and

3  specifications described in the American Standards Association Specifications and/or those

4  contained in Title 24 of the California Building Standards Code.

5          73.     Restaurants such as the CRICKLEWOOD are "public accommodations or

6  facilities" within the meaning of Health & Safety Code §19955, *et seq*.

7          74.     As a result of the actions and failure to act of defendants, and as a result of the

8  failure to provide proper and legally handicapped-accessible public facilities, each plaintiff was

9  denied plaintiff's rights to full and equal access to public facilities and suffered a loss of plaintiff's

10  civil rights and plaintiff's rights as a person with physical disabilities to full and equal access to

11  public facilities.

12          75.     Attorneys' Fees -- As a result of defendants' acts and omissions in this regard, each

13  plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's

14  civil rights and enforce provisions of the law protecting access for the persons with physical

15  disabilities and prohibiting discrimination against the persons with physical disabilities, and to

16  take such action both in plaintiff's own interests and in order to enforce an important right

17  affecting the public interest.  Each plaintiff, therefore, seeks in this lawsuit the recovery of all

18  reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure

19  §1021.5.  Each plaintiff additionally seeks attorneys' fees pursuant to Health & Safety Code

20  §19953 and Civil Code §§54.3 and/or in the alternative, plaintiff will seek attorneys' fees, costs

21  and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-

22  3(a)).  Each plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing

23  party.

24          76.     Each plaintiff seeks injunctive relief for an order compelling defendants, and each

25   of them, to make the subject place of public accommodation readily accessible to and usable by

26  persons with disabilities.

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**IV.     FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**

(On Behalf of Plaintiff DAREN HEATHELRY and Plaintiff IRMA RAMIREZ, each an individual and Against Defendants WESTWOODS, INC., a California Corporation dba CRICKLEWOOD; and PAMELA M. VENTURI - COWAN, TRUSTEE OF THE PAMELA M. VENTURI - COWAN LIVING TRUST, Dated August 22, 2007, inclusive) (Civil Code §51, 51.5)

77.     Each plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 76 of this complaint.

78.     Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.
>
> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.
>
> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**
>
> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.
>
> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

2  "intent" of the defendants in not complying with barrier removal is not an issue.  Hence, the

3  failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

4  failing to act to identify and remove barriers can be construed as a "negligent per se" act of

5  defendants, and each of them.

6       79.   The acts and omissions of defendants stated herein are discriminatory in nature and

7  in violation of Civil Code §51.5:

8            No business establishment of any kind whatsoever shall
             discriminate against, boycott or blacklist, refuse to buy from, sell to,
9            or trade with any person in this state because of the race, creed,
             religion, color, national origin, sex, or **disability** of the person or of
10           the person's partners, members, stockholders, directors, officers,
             managers, superintendents, agents, employees, business associates,
11           suppliers, or customers.

12           As used in this section, "person" includes any person, firm
             association, organization, partnership, business trust, corporation,
13           limited liability company, or company.

14           Nothing in this section shall be construed to require any
             construction, alteration, repair, structural or otherwise, or
15           modification of any sort whatsoever, beyond that construction,
             alteration, repair or modification that is otherwise required by other
16           provisions of law, to any new or existing establishment, facility,
             building, improvement, or any other structure . . . nor shall anything
17           in this section be construed to augment, restrict or alter in any way
             the authority of the State Architect to require construction,
18           alteration, repair, or modifications that the State Architect otherwise
             possesses pursuant to other laws.
19

20       80.   Defendants' acts and omissions as specified have denied to plaintiffs full and equal

21  accommodations, advantages, facilities, privileges and services in a business establishment, on the

22  basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act.

23  Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the

24  right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336)

25  shall also constitute a violation of this section."  Each plaintiff accordingly incorporates the

26  entirety of his/her above cause of action for violation of the Americans with Disabilities Act at

27  §47, *et seq*., as if repled herein.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

81.     As a further legal result of the actions and failure to act of defendants, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, each plaintiff was denied his/her civil rights to full and equal access to public facilities. Each plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ suffered a loss of his/her civil rights and his/her rights as a person with physical disabilities to full and equal access to public facilities, and further suffered bodily injury on or about May 10, 2009, May 29, 2009, June 9, 2009, July 31, 2009 and October 28, 2009, including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers.  Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing men's restroom on May 10, 2009, plaintiff IRMA RAMIREZ suffered continuous, repetitive and cumulative trauma to her upper extremities while attempting to use the water closet in the men's restroom.  Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing men's restroom on May 10, 2009, May 29, 2009, June 9, 2009, July 31, 2009 and October 28, 2009, plaintiff DAREN HEATHERLY suffered continuous, repetitive and cumulative trauma to his upper extremities while attempting to use the water closet in the men's restroom.

82.     Further, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each suffered mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.  Defendants' actions and omissions to act constituted discrimination against each plaintiff on the sole basis that each plaintiff is a person or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

83. Each plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ is entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

**PRAYER:**

Plaintiff prays that this court award damages and provide relief as follows:

**I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On Behalf of Plaintiff DAREN HEATHERLY and Plaintiff IRMA RAMIREZ, each an individual and Against Defendants WESTWOODS, INC., a California Corporation dba CRICKLEWOOD; and PAMELA M. VENTURI - COWAN, TRUSTEE OF THE PAMELA M. VENTURI - COWAN LIVING TRUST, Dated August 22, 2007, inclusive) (42 U.S.C. §12101, *et seq.*)

1. For injunctive relief, compelling defendants WESTWOODS, INC., a California Corporation dba CRICKLEWOOD; and PAMELA M. VENTURI - COWAN, TRUSTEE OF THE PAMELA M. VENTURI - COWAN LIVING TRUST, Dated August 22, 2007, inclusive, to make the CRICKLEWOOD, located at 4618 Old Redwood Highway, Santa Rosa, California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2. For attorneys' fees, litigation expenses and costs of suit, if each plaintiff is deemed the prevailing party; and

3. For such other and further relief as the court may deem proper.

///

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  **II.     PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***

2  (On Behalf of Plaintiff DAREN HEATHERLY and Plaintiff IRMA RAMIREZ, each an individual and Against Defendants WESTWOODS, INC., a California Corporation dba CRICKLEWOOD; and PAMELA M. VENTURI - COWAN, TRUSTEE OF THE PAMELA M. VENTURI - COWAN LIVING TRUST, Dated August 22, 2007 , inclusive)

3

4  (California Civil Code §§54, 54.1, 54.3, *et seq.*)

5

6      1.      For injunctive relief, compelling  defendants WESTWOODS, INC., a California

7  Corporation dba CRICKLEWOOD; and PAMELA M. VENTURI - COWAN, TRUSTEE OF

8  THE PAMELA M. VENTURI - COWAN LIVING TRUST, Dated August 22, 2007, inclusive, to

9  make the CRICKLEWOOD, located at 4618 Old Redwood Highway, Santa Rosa, California,

10  readily accessible to and usable by individuals with disabilities, per state law.

11      2.      Statutory damages as afforded by Civil Code §54.3 for the date of incident and for

12  each occasion on which each plaintiff was deterred from returning to the subject public

13  accommodation.

14      3.      Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5,

15  if plaintiffs are deemed the prevailing party;

16      4.      Treble damages pursuant to Civil Code §54.3;

17      5.      General damages according to proof;

18      6.      For all costs of suit;

19      7.      Prejudgment interest pursuant to Civil Code §3291; and

20      8.      Such other and further relief as the court may deem just and proper.

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**III. PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiff DAREN HEATHERLY and Plaintiff IRMA RAMIREZ, each an individual and Against Defendants WESTWOODS, INC., a California Corporation dba CRICKLEWOOD; and PAMELA M. VENTURI - COWAN, TRUSTEE OF THE PAMELA M. VENTURI - COWAN LIVING TRUST, Dated August 22, 2007, inclusive) (Health & Safety code §19955, *et seq.*)

1. For injunctive relief, compelling defendants WESTWOODS, INC., a California Corporation dba CRICKLEWOOD; and PAMELA M. VENTURI - COWAN, TRUSTEE OF THE PAMELA M. VENTURI - COWAN LIVING TRUST, Dated August 22, 2007, inclusive, to make the CRICKLEWOOD, located at 4618 Old Redwood Highway, Santa Rosa, California, readily accessible to and usable by individuals with disabilities, per state law.

2. For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or, alternatively, Health & Safety Code §19953, if each plaintiff is deemed the prevailing party;

3. For all costs of suit;

4. For prejudgment interest pursuant to Civil Code §3291;

5. Such other and further relief as the court may deem just and proper.

///
///
///
///
///
///
///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**IV.   PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO
FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES,
PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL
CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff DAREN HEATHERLY and Plaintiff IRMA RAMIREZ, each an
individual and Against Defendants WESTWOODS, INC., a California Corporation dba
CRICKLEWOOD; and PAMELA M. VENTURI - COWAN, TRUSTEE OF THE
PAMELA M. VENTURI - COWAN LIVING TRUST, Dated August 22, 2007 , inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.      All statutory damages as afforded by Civil Code §52(a) for the date of incident and

for each occasion on which each plaintiff was deterred from returning to the subject public

accommodation;

2.      Attorneys' fees pursuant to Civil Code §52(a), if each plaintiff is deemed the

prevailing party;

3.      General damages according to proof;

4.      Treble damages pursuant to Civil Code §52(a);

5.      For all costs of suit;

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

1    6.    Prejudgment interest pursuant to Civil Code §3291; and

2    7.    Such other and further relief as the court may deem just and proper.

3

4   Dated: _____11/18/09_____, 2009    THOMAS E. FRANKOVICH,
                                       *A PROFESSIONAL LAW CORPORATION.*

5

6
                                   By:
7                                      THOMAS E. FRANKOVICH
                                       Attorneys for Plaintiff DAREN HEATHERLY and Plaintiff
8                                      IRMA RAMIREZ, each an individual

9

10

11                          **DEMAND FOR JURY TRIAL**

        Plaintiff hereby demands a jury for all claims for which a jury is permitted.
12

13

14  Dated: _____11/18/09_____, 2009    THOMAS E. FRANKOVICH,
                                       *A PROFESSIONAL LAW CORPORATION*

15

16
                                   By:
17                                     THOMAS E. FRANKOVICH
                                       Attorneys for Plaintiff DAREN HEATHERLY and Plaintiff
18                                     IRMA RAMIREZ, each an individual

19

20

21

22

23

24

25

26

27

28

    COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

`

# EXHIBIT A

Irma Ramirez
734 Morton Way
Santa Rosa, CA 95404

June 6, 2009

Manager of Cricklewood
4618 Old Redwood Hwy
Santa Rosa, CA 95403

Dear Manager of Cricklewood:

Recently my husband and I dined at Cricklewood. Let me tell you about our first experience. It has great atmosphere but we couldn't take advantage of it. You see we both use wheelchairs and could not get into the main dining room because all the tables are in booths. Then your restrooms aren't usable. I went to use the Womens restroom, the bartender told me it wasn't accessibleand to use the Men's. But it's not accessible, I got trapped in it and had to have a man help me out. That was embarassing. I would like you to really think about this. We can't be the only wheelchair users that have had these experiences.

Lastly, your access aisle between the parking spaces is too narrow. It is supposed to be van accessible. That means that you can drop your ramp and have enough room to get off it and wheel to the restraunt.

Our second dining experience was much like the first.

I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing! If you both put your hands and heads together, I know the two of you can fix this problem.

There is something that I want to tell each of you and if you care to, I'd like you to tell me what you think. The Americans with Disabilities Act of 1990 was passed 20 years ago. During that time, places like yours were to be made accessible. The Cricklewood is certainly more than 20 years old, right? The landlord owns the place and rents it to tenants or maybe you've been the only tenant. The landlords past and present have gotten 20 years of rent, right? So, why with all that money aren't things made right? Can you explain it to me? I would really like your take on this. What am I missing here?

Anyway, I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Cricklewoodonce it's accessible to me. We may still come back before you do the work just because the food is excellent. If there is some problem doing this, please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

It takes a little time to be able to get helpful information, so I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the Department of Justice at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned. You should talk to your accountant about it. Maybe your accountant already has this information or knows about it.

So, if you do the work there are many benefits: Disabled people will have access to the same goods and services as the non-disabled, that's called equality. You get a tax credit which is a help to you while at the same time fulfilling your responsibility to provide access, that's good. Access will be good for business. People with disabilities prefer accessible places to spend their money in, that's good. So, I hope you see all the benefits.

Thank you for considering my request.

Sincerely,

*Irma Ramirez*

Irma Ramirez
734 Morton Way
Santa Rosa, CA 95404

June 6, 2009

Owner of Building for Cricklewood
4618 Old Redwood Hwy
Santa Rosa, CA 95403

Dear Owner of Building for Cricklewood:

Recently my husband and I dined at Cricklewood. Let me tell you about our first experience. It has great atmosphere but we couldn't take advantage of it. You see we both use wheelchairs and could not get into the main dining room because all the tables are in booths. Then your restrooms aren't usable. I went to use the Womens restroom, the bartender told me it wasn't accessibleand to use the Men's. But it's not accessible, I got trapped in it and had to have a man help me out. That was embarassing. I would like you to really think about this. We can't be the only wheelchair users that have had these experiences.

Lastly, your access aisle between the parking spaces is too narrow. It is supposed to be van accessible. That means that you can drop your ramp and have enough room to get off it and wheel to the restraunt.

Our second dining experience was much like the first.

I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing! If you both put your hands and heads together, I know the two of you can fix this problem.

There is something that I want to tell each of you and if you care to, I'd like you to tell me what you think. The Americans with Disabilities Act of 1990 was passed 20 years ago. During that time, places like yours were to be made accessible. The Cricklewood is certainly more than 20 years old, right? The landlord owns the place and rents it to tenants or maybe you've been the only tenant. The landlords past and present have gotten 20 years of rent, right? So, why with all that money aren't things made right? Can you explain it to me? I would really like your take on this. What am I missing here?

Anyway, I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Cricklewoodonce it's accessible to me. We may still come back before you do the work just because the food is excellent . If there is some problem doing this, please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

It takes a little time to be able to get helpful information, so I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the Department of Justice at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned. You should talk to your accountant about it. Maybe your accountant already has this information or knows about it.

So, if you do the work there are many benefits: Disabled people will have access to the same goods and services as the non-disabled, that's called equality. You get a tax credit which is a help to you while at the same time fulfilling your responsibility to provide access, that's good. Access will be good for business. People with disabilities prefer accessible places to spend their money in, that's good. So, I hope you see all the benefits.

Thank you for considering my request.

Sincerely,

*Irma Ramirez*

Cricklewood
4618 Old Redwood Hwy
Santa Rosa, CA 95403

June 19, 2009

Irma Ramirez
734 Morton Way
Santa Rosa, CA 95404

Thank you for your letter complementing our excellent food and alerting me to several problems you encountered when you visited Cricklewood.  As the tenant for the last thirty three years I feel fortunate that we provide disabled access to approximately half of our dining room capacity, since the tables accommodate wheelchairs so well.

The building was built in 1946 by the current landlords.  Since the start of my lease in 1976 there have only been cosmetic changes preformed, no structure permits required.  Several years ago, at the suggestion of one of our regular customers, I took out the stall partition in the men's room to make the toilet more accessible for a wheelchair and since that was not possible in the ladies restroom I also provided a lock on the door so that either sex could use the toilet.

Thank you for pointing out that the paving contractor had incorrectly stripped the van accessible space, I have scheduled that to be corrected by July first.

Sincerely,

G. M. O'Brien

Irma Ramirez
734 Morton Way
Santa Rosa, CA  95404

August 3, 2009

G. M. O'Brien
Cricklewood
4618 Old Redwood Hwy
Santa Rosa, CA 95403

Dear Mr. O'Brien:

 I received your letter of June 19, 2009.  There were a couple of things I didn't understand.
Which half of your dining room capacity have tables that accommodate wheelchairs?  Are those
the booth tables as you come in to the left?

 If you got any of the information to help you understand what's needed in restrooms and
looked at the men's restroom, how you get in and out, you should be able to see that it really isn't
useable.  It's hard for me to believe that some of your wheelchair user customers can actually use
the men's restroom without a lot of problems.  I think if you go look at it maybe take a
wheelchair user with you.  You can take the information I mentioned you could get and come up
with a solution.

 Another thought is there any place that you could just make an accessible unisex
restroom.  Look around.

 I thank you for your quick response and would like to hear from you on my questions and
thoughts in the next two weeks, that'll give you some time to think this out more and maybe with
the help of your wheelchair user customers.

Sincerely,

Irma Ramirez